THIS OPINION IS A
PRECEDENT OF THE TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

Mailed:  June 23, 2008

Opposition No. 91182083

Boston Red Sox Baseball Club
Limited Partnership

v.

Harry F. Chaveriat III

Cindy B. Greenbaum, Supervisory Interlocutory Attorney:

Immediately following the parties' discovery and settlement conference, opposer filed a consented "Notice of Waiver of Initial Disclosures," wherein the parties agreed to "waive any requirement to make initial disclosures in this proceeding."

Trademark Rules 2.120(a)(2) and 2.120(a)(3), as amended, allow parties to modify the discovery and trial schedule, including the deadline for making initial disclosures, if the parties file, and the Board approves, a stipulation or motion to that effect.[1]  Parties must inform the Board, by stipulation or motion, any time they agree to

---

[1] Once an answer has been filed, the Board generally will not approve a motion or stipulation to extend the deadline for a settlement and discovery planning conference absent a sufficient showing of good cause.  Miscellaneous Changes to Trademark Trial and Appeal Board Rules (Final Rule), 72 Fed. Reg. 42242, 42245 (August 1, 2007).  The Board is unlikely to find good cause when such a request is based on the parties' desire to engage in settlement discussions.  Id.

modify their obligations under the rules governing disclosures and discovery, as well as when they agree to modify deadlines or schedules that involve disclosures, discovery,[2] trial or briefing.  Such modifications are subject to Board approval.  See Fed. R. Civ. P. 29, and Trademark Rule 2.116.

In the August 1, 2007 Notice of Final Rulemaking, 72 Fed. Reg. 42242, 42246, the Board specifically contemplated that parties might agree to "forego disclosures and agree to utilize only traditional discovery devices."  When the parties file a stipulation, motion, or notice regarding waiver of initial disclosures, the Board strongly prefers the parties to include a description of the parties' alternate plans for discovery, even if such plans merely provide for use of traditional discovery devices such as depositions, interrogatories, requests for production or inspection, and requests for admission.  As discussed in the Notice of Final Rulemaking, this description need not be extensive, although it should report any agreements to limit use of these discovery devices, allow for participation in depositions by telephone, and the like.

---

[2] Written stipulations to extend the period for responding to discovery requests need only be filed with the Board when the extension may interfere with the orderly completion of discovery or the opening of trial.  See Fed. R. Civ. P. 29.

The Board's preference notwithstanding, in this case, in the absence of any statement from the parties other than that they waive their reciprocal obligations to make initial disclosures, the Board will presume the parties plan to utilize traditional discovery devices, as permitted by the Trademark Rules and Federal Rules of Civil Procedure.

In view thereof, the "Notice of Waiver of Initial Disclosures" is approved.

Dates remain as previously set in the Board's January 25, 2008 institution order.